# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GRUMA CORPORATION | § | |
| | § | |
| v. | § | Case No. 4:09-CV-488 |
| | § | Judge Schneider/Judge Mazzant |
| MEXICAN RESTAURANTS, INC. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 2, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Gruma Corporation's Motion for Partial Summary Judgment Regarding Defendant's Affirmative Defenses and Brief in Support (Dkt. #44) should be granted in part and denied in part.

The Court, having made a *de novo* review of the objections raised by Defendant Mexican Restaurants, Inc., is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Specifically, the Court finds Defendant's objection to Judge Mazzant's findings on the defenses of laches as applied to the Sugar Land store to be unfounded. *See* OBJECTIONS at 4. Judge Mazzant found a fact question existed with regard to Defendant's existing Houston area restaurants, including the Sugar Land location, and recommended denying summary judgment. *See* RR at 10-11. Defendant argues it "spent and/or committed well in excess of $600,000 on the Sugar Land store before it received Gruma's April 6, 2009 letter." OBJECTIONS at 4. However, Defendant opened the Sugar Land location September 14, 2009, more

than five months after receiving Plaintiff's letter. While Defendant may continue to assert a laches defense at this time, Defendant may be unable to prove undue prejudice when it continued to spend money on the Sugar Land location and ultimately opened the restaurant five months after it was on notice of Plaintiff's objection.[1] *See Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 151-52 (5th Cir. 1985) (opening restaurant approximately one year after "cease and desist" letter was "at defendant's own risk"); *see also Bd. of Regents, Univ. of Texas Sys. v. KST Elec., LTD*, 550 F.Supp.2d 657, 668 (S.D. Tex. 2008) (only delay relevant to a laches defense is the time period between when plaintiff became aware of defendant's use of the mark and when plaintiff sent objection letter); *Source, Inc. v. SourceOne, Inc.*, No. 3:05-CV-1414, 2006 WL 2381594 *8 (N.D. Tex. Aug. 16, 2006) ("[A]ny prejudice suffered by [defendant] during the interim between the letter and the filing of this suit is not attributable to the delay."). Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Gruma Corporation's Motion for Partial Summary Judgment Regarding Defendant's Affirmative Defenses and Brief in Support (Dkt. #44) is **GRANTED** in part and **DENIED** in part. Summary judgment is granted with regard to MRI's affirmative defenses of acquiescence, abandonment, and waiver. Summary judgment is granted with regard to MRI's affirmative defense of laches as it applies to seeking an injunction prohibiting use of "Mission Burritos" outside the Houston area. Summary judgment is denied with regard to MRI's affirmative

---

[1] Defendant presents evidence that it spent approximately $600,000 on the Sugar Land location before it received Plaintiff's objection letter. Defendant also presents evidence that it spent approximately $1,100,000 to open a new restaurant. This logically leads the Court to conclude that Defendant spent approximately $500,000 on the Sugar Land location after it was on notice of Plaintiff's objection to the use of the mark in question.

defense of laches as it applies to seeking an injunction prohibiting use of "Mission Burritos" in the Houston area.

    **It is SO ORDERED.**

    **SIGNED this 22nd day of December, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE