## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **GRUMA CORPORATION** | § | |
| | § | |
| **v.** | § | Case No. 4:09-cv-488-MHS-ALM |
| | § | |
| **MEXICAN RESTAURANTS, INC.** | § | |

### PERMANENT INJUNCTION AND FINAL JUDGMENT

In accordance with Federal Rule of Civil Procedure 58, the Court enters the following final judgment.

Plaintiff Gruma Corporation (Gruma) sued Mexican Restaurants, Inc. (MRI) for MRI's use of MISSION BURRITO(S) name and mark and asserted claims of trademark infringement and dilution under both federal and Texas laws. Gruma owns numerous federally registered trademarks consisting of or including the word MISSION at issue in this case are referred to as the "MISSION trademarks." The MISSION trademarks include federal trademark registration numbers 1,216,032; 1,785,711; 2,529,463; 2,529,464; 2,587,997; 2,591,165; 2,675,468; 2,679,614; 2,744,724; 3,243,446; 3,243,447; 3,243,448; 3,462,007; 3,462,008; 3,537,049; 3,537,050; 3,537,051; 3,537,052; 3,537,053; 3,539,989; 3,546,832; 3,512,400; 3,512,401; 3,512,402; 3,512,403; 3,512,404; 3,512,405; 3,246,033; and 3,073,914.

Consistent with the Court's contemporaneously filed Findings of Facts and Conclusions of Law on Permanent Injunction and Affirmative Defense of Laches, it is **ORDERED** that:

1. PURSUANT TO 15 U.S.C. § 1114(1)(a), the COURT ENTERS JUDGMENT THAT MRI uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Gruma's registered MISSION trademarks in connection with the sale, offering for sale,

distribution, or advertising of MRI's goods or services which such use is likely to cause confusion, or to cause mistake, or to deceive, and thus MRI WILL AND DOES infringe the MISSION trademarks without the consent of the registrant Gruma pursuant to 15 U.S.C. § 1114(1)(a).

2. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Gruma's registered MISSION trademarks in connection with the sale, offering for sale, distribution, or advertising of MRI's goods or services which such use is likely to cause confusion, or to cause mistake, or to deceive, and thus MRI WILL AND DOES infringe the MISSION trademarks without the consent of the registrant Gruma pursuant to 15 U.S.C. § 1114(1)(a).

3. PURSUANT TO 15 U.S.C. § 1125(a)(1)(A), the COURT ENTERS JUDGMENT THAT MRI, on or in connection with its goods or services, uses in commerce word, term, name, symbol, or device, or a combination thereof, or false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of MRI with Gruma, or as to the origin, sponsorship, or approval of MRI's goods, services, or commercial activities by Gruma, and thus MRI WILL AND DOES engage in unfair competition by use of false and misleading representation pursuant to 15 U.S.C. § 1125(a)(1)(A).

4. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI, on or in connection with its goods or services, uses in commerce word, term, name, symbol, or device, or a combination thereof, or false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of MRI with Gruma, or as to the origin, sponsorship, or approval of MRI's goods, services, or commercial activities by Gruma, and thus MRI WILL AND DOES engage in unfair competition by use of false and misleading representation pursuant to 15 U.S.C. § 1125(a)(1)(A).

5. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI engages in acts likely to injure a business reputation or to dilute the distinctive quality of Gruma's MISSION trademarks registered under Title 15, U.S.C., which WILL AND DOES dilute Gruma's rights in the MISSION trademarks under Texas Business & Commerce Code § 16.29.

6. PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE § 37.003, THE COURT ENTERS JUDGMENT THAT MRI engages in acts likely to injure a business reputation or to dilute the distinctive quality of Gruma's MISSION trademarks registered under Title 15, U.S.C., which WILL AND DOES dilute Gruma's rights in the MISSION trademarks under Texas Business & Commerce Code § 16.29.

7. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI's use of the MISSION BURRITO(S) name and mark is likely to cause

confusion, or to cause mistake, or to deceive, the public as to the source of origin of Defendant's goods, or as to the affiliation or association of MRI's products and services with Gruma, through which MRI WILL AND DOES infringe Gruma's common law trademark rights under the laws of the State of Texas.

8. PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE § 37.003, the COURT ENTERS JUDGMENT THAT MRI's use of the MISSION BURRITO(S) name and mark is likely to cause confusion, or to cause mistake, or to deceive, the public as to the source of origin of Defendant's goods, or as to the affiliation or association of MRI's products and services with Gruma, through which MRI WILL AND DOES infringe Gruma's common law trademark rights under the laws of the State of Texas.

9. PURSUANT TO 15 U.S.C. § 1119, the COURT ENTERS JUDGMENT THAT MRI's federal trademark "MISSION BURRITOS FRESH FOOD FAST," which was registered on June 17, 2008 (Reg. No. 3,450,301) WILL AND DOES infringe Gruma's MISSION trademarks, and thus should be cancelled in whole pursuant to 15 U.S.C. § 1119.

10. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI's federal trademark "MISSION BURRITOS FRESH FOOD FAST," which was registered on June 17, 2008 (Reg. No. 3,450,301) WILL AND DOES infringe Gruma's MISSION trademarks, and thus should be cancelled in whole pursuant to 15 U.S.C. § 1119.

11. PURSUANT TO 15 U.S.C. § 1119, the COURT ENTERS JUDGMENT THAT MRI's federal trademark Application No. 77/451,254 for "MISSION BURRITO MORE

CHOICES. MORE FLAVOR.", which was published for opposition on March 17, 2009, WILL AND DOES infringe Gruma's MISSION trademarks, and thus should be rejected pursuant to 15 U.S.C. § 1119.

12. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI's federal trademark Application No. 77/451,254 for "MISSION BURRITO MORE CHOICES. MORE FLAVOR.", which was published for opposition on March 17, 2009, WILL AND DOES infringe Gruma's MISSION trademarks, and thus should be rejected pursuant to 15 U.S.C. § 1119.

13. PURSUANT TO 28 U.S.C. §§ 2201 and 2202, the COURT ENTERS JUDGMENT THAT MRI's Texas Trademark Registration Number 5,704,317 for "MISSION BURRITOS" issued on August 21, 1997, WILL AND DOES infringe Gruma's MISSION trademarks, and thus should be cancelled pursuant to Tex. Bus. & Com. Code Ann. § 16.064(a)(4)(F) (West).

14. PURSUANT TO 15 U.S.C. § 1116, MRI—including any of its subsidiaries, successors, assigns, officers, agents, servants, employees, and attorneys, and those persons acting in concert or participation with any or all of them (collectively MRI)—and any persons in privity with MRI, and any person or entity to whom MRI transfers any rights in the MISSION BURRITO(S) name and mark are permanently enjoined from:

   a. using the name and mark MISSION BURRITO(S) or any other name or mark confusingly similar to the MISSION trademarks, or any copy or colorable imitation of any of the MISSION trademarks, in connection with the sale, advertising or promotion of any foods or food services;

b.  using the name and mark MISSION BURRITO(S) or any other name or mark confusingly similar to the MISSION trademarks in any manner likely to injure Gruma's business reputation, or to dilute the distinctive quality of the MISSION trademarks; and

c.  using in commerce the name and mark MISSION BURRITO(S) or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of MRI with Gruma, or as to the origin, sponsorship, or approval of MRIs goods, services, or commercial activities by Gruma

in the United States and its territories until after the latest of the expiration dates of MISSION trademarks except as provided below in Paragraph 15.

15. Notwithstanding Paragraph 13, MRI may continue to use the MISSION BURRITO(S) name and mark in association with operating the MISSION BURRITO restaurant locations in the Houston area that opened prior to Gruma's assertion of its rights in the MISSION trademarks in April 2009, namely four MISSION BURRITO(S) restaurants located in or on (1) West Alabama, Houston, Texas; (2) Durham, Houston, Texas; (3) Katy, Texas; (4) and Atascocita, Texas (collectively "Houston Area Locations"). MRI must use reasonably conspicuous disclaimers on all labels, signs, prints, packages, wrappers, receptacles, or advertisements (*see* 15 U.S.C. § 1114(1)) or websites or menus that use the MISSION BURRITO(S) name and mark at the Houston Area Locations, and must disclaim any affiliation with Gruma and its MISSION trademarks to reduce or

eliminate a minimal likelihood of confusion for consumers. MRI will not have any rights in the MISSION BURRITO name and mark except as provided in this Paragraph with respect to the Houston Area Locations.

16. The Sugar Land, Texas, location does not fall under the exemption for the Houston Area Locations as specified in Paragraph 15, and thus MRI must cease using MISSION BURRITO(S) name and mark at the Sugar Land location.

17. MRI is to file with this Court and serve on Gruma, within thirty (30) days after the service on MRI of this permanent injunction and final judgment, a report in writing under oath setting forth in detail the manner and form in which MRI has complied with the injunction.

It is further **ORDERED, ADJUDGED, and DECREED** that final judgment be entered in this case.

All relief not previously granted is hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 27th day of September, 2013.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE